IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GINETTE HYACINTHE,

    Petitioner,

v.                                                                CASE NO. 5:04-cv-63-SPM-AK

DEPARTMENT OF HOMELAND SECURITY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This § 2241 matter is before the Court on the issue of the propriety of Defendant's deportation to Haiti. Though the issue of release from detention pending removal was resolved on Respondent's motion to dismiss, the validity of the removal itself remains a live controversy. *See* Docs. 12 & 14.

It is no longer appropriate, however, for this Court to address that issue. On May 11, 2005, the REAL ID Act of 2005 was signed into law. Pub.L. No. 109-13, Div. B, 119 Stat. 231, 302 (2005). The Act amended the judicial review provisions of § 242 of the Immigration and Nationality Act to make a petition for review in the federal courts of appeals the sole means of review of a final immigration order of removal or deportation. The amendment provides:

> Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter....

8 U.S.C. § 1252(a)(5).

The Act explicitly deprives this Court of jurisdiction over Petitioner's claim, which seeks judicial review of an order of removal. The REAL ID Act does include a transfer provision:

> If an alien's case, brought under section 2241... and challenging a final order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed....

8 U.S.C. § 1252 note (Transfer of Cases). The effective date of this statute is May 11, 2005. REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005). An original petition for review must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

This case was pending on May 11, 2005, and because the final order of removal was decided by the immigration judge in Miami, Florida, transfer to the United States Court of Appeals for the Eleventh Circuit is appropriate.

In light of the foregoing, it is respectfully **RECOMMENDED** that this cause be **TRANSFERRED** to the United States Court of Appeals for the Eleventh Circuit.

**IN CHAMBERS** at Gainesville, Florida, this _2nd_ day of February, 2006.

 _s/ A. KORNBLUM_
 **ALLAN KORNBLUM**
 **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:04-cv-00063-SPM-AK*